E-FILED
Tuesday, 14 July, 2020  03:57:55 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cr-10069-JES |
| | ) | |
| GREGORY SANDFORD, | ) | |
| | ) | |
| Defendant. | ) | |

# <u>ORDER AND OPINION</u>

This matter is now before the Court on Defendant Gregory Sandford's Motions (Doc. 201, 209) to Reduce Sentence Pursuant to 18 U.S.C. § 3582, the United States' Response (Doc. 211), and Defendant's Reply (Doc. 215). For the reasons that follow, the Motions (Docs. 201, 209) to Reduce Sentence Pursuant to 18 U.S.C. § 3582 are DENIED.

## BACKGROUND

On August 21, 2014, the defendant, Gregory Sanford, was sentenced to 180 months in the Bureau of Prisons for possession with intent to distribute cocaine. The sentence was based on a plea pursuant to 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Doc. 207, at 1. He is serving his sentence at FCI Victorville Medium I and his projected release date is March 12, 2025. *See* Doc. 211, at 4. In light of the ongoing COVID-19 pandemic, Defendant moves for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), often referred to as the compassionate release statute. The United States moves to dismiss Defendant's Motions for failure to exhaust administrative remedies, or alternatively, to deny the request on the merits. Doc. 211, at 1-2.

**COVID-19 Background**

COVID-19 is a new "respiratory disease spreading from person to person." Frequently Asked Questions, Ctrs. For Disease Control and Prevention ("CDC") https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Basics (last updated July 3, 2020). The current global pandemic of COVID-19 poses a public health risk as it "seems [to spread] easily" within a community. *Id.* Those who become ill from COVID-19 experience a range of symptoms from "mild symptoms to severe illness," with older adults and those with serious underlying medical problems having a higher risk of suffering severe illness." *Id.*

**Defendant's Health**

Defendant is 38 years old and suffers from stomach pains, shortness of breath, and anxiety. Doc. 209, at 13. Defendant does not list any other medical conditions, nor does he say he is declining health. *Id.*

**COVID-19 in the Bureau of Prisons**

The CDC has recognized that correctional facilities face unique challenges in controlling the spread of COVID-19. Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited July 13, 2020). For instance, because incarcerated "persons live, work, eat, study, and recreate within congregate environments," there is a heightened "potential for COVID-19 to spread once introduced." *Id.* Recognizing this, the Bureau of Prisons ("BOP") has modified operations in all facilities, by, for example, suspending social and legal visits, limiting internal movement of inmates, suspending staff travel, and screening staff and inmates. BOP Implementing Modified Operations, BOP, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 13, 2020).

Notwithstanding these efforts, inmates and staff at various BOP institutions have tested

positive for COVID-19. At FCI Victorville Medium I, Defendant's institution, there are currently

thirteen inmates who have tested positive for COVID-19 and three staff members. *See* COVID-19

Coronavirus, BOP, https://www.bop.gov/coronavirus/ (Last visited July 13, 2020) (scroll down to

the COVID-19 Cases section, then click on "Full breakdown and additional details"). The

numbers may be greater due to limited testing.

### LEGAL STANDARD

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a

final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. §

3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the
> defendant after the defendant has fully exhausted all administrative rights to appeal
> a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of
> 30 days from the receipt of such a request by the warden of the defendant's
> facility, whichever is earlier, may reduce the term of imprisonment . . . after
> considering the factors set forth in section 3553(a) to the extent that they are
> applicable if it finds that (i) extraordinary and compelling reasons warrant such a
> reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing

Commission." *Id.* § 3582(c)(1)(A). "The defendant has the burden to show he is entitled to a

sentence reduction." *United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), 2020 WL 91399, at

\*4 (S.D.N.Y. Jan. 8, 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2nd Cir. 1992) ("A

party with an affirmative goal and presumptive access to proof on a given issue normally has the

burden of proof as to that issue.").

### DISCUSSION

Defendant contends he should be released pursuant to § 3582(c)(1)(A)(i) because his

stomach pains, shortness of breath, and anxiety make him uniquely at risk during the COVID-19

pandemic. Doc. 209, at 13. In his amended motion, Defendant argues the exhaustion requirement within the statute is not mandatory and that it is "not fatal" to his motion that he has not exhausted all options for administrative relief. *Id.*, at 2. Additionally, Defendant argues that the current COVID-19 global pandemic presents an "extraordinary and compelling" reason to grant compassionate release. *Id.*, at 5. Defendant asserts his reasons for filing for compassionate release are justified because all inmates are at-risk, and the BOP plan to control or contain COVID-19 is "simply not working." Doc. 215, at 5. Defendant argues that numbers the BOP relies on are misleading as prisons are only testing a "handful of inmates." *Id.*, at 6.

Defendant additionally asserts that he is awaiting a transfer to another facility. If he is transferred, he would likely go to FCI Lompoc. Furthermore, Defendant argues that his concern over transfer is justified because transfers within the BOP are still occurring and, if transferred, FCI Lompoc has had among the most cases in the country. *Id.*, at 7. He relies on cases where coronavirus did constitute an "extraordinary and compelling" reason for compassionate release. *Id.* Lastly, Defendant relies on reports that the best way for BOP to lower the amount of COVID-19 cases is to lower its number of inmates serving time generally. *Id.*, at 8.

**Exhaustion**

Section 3582(c)(1)(A) contains an exhaustion requirement: before a defendant can bring his own motion, he must ask the warden of his facility to bring such a motion. If thirty days pass without a response from the BOP, he can file a motion in court. *Id.* However, "Section 3582(c)(1)(A) does not require the inmate to fully exhaust BOP procedures before coming to court." *U.S. v. Coles*, 2020 WL 1976296, at *4 (C.D. Ill. Apr. 24, 2020).

Defendant initially asserted that he requested a sentence modification from the BOP on April 28, 2020, and that, as of filing his original motion (Doc. 201), he had received no response.

Doc. 209, at 2. In his Reply, the Defendant says the BOP did respond and denied Defendant's request on May 14, 2020. Doc. 215, at 14. The United States argues Defendant has not exhausted his administrative remedies. Doc. 211, at 1. The United States asserts that Defendant has not waited thirty days for a response from the BOP before filing his Motion. Doc. 211, at 15. The United States contends that the compassionate release statute's exhaustion requirement is mandatory and the Court cannot not waive it. Doc. 211, at 6.

The Court need not rule on this issue because even if it waived the exhaustion requirement, it would deny the motion on the merits.

**Merits**

Defendant argues that he has shown extraordinary and compelling reasons warranting his release because there is a high risk of him being infected with COVID-19 at his facility and at FCI Lompoc if he were to be transferred there. Doc. 209, at 13. The United States argues that Defendant is healthy and his conditions of stomach pain, shortness of breath, and anxiety are not extraordinary and compelling and do not justify release. Doc. 211, at 3. The United States argues that Defendant has no higher risk of contracting COVID-19 than any other inmate nor do his underlying conditions put him at any higher risk of serious complications from COVID-19. *Id.*, at 4.

The compassionate release statute directs the Court to make three considerations: 1) whether extraordinary and compelling reasons warrant a sentence reduction; 2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and 3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Court finds Defendant has not shown that extraordinary and compelling reasons warrant a sentence reduction in his case.

5

Previously, § 3582(c)(1)(A) allowed only the BOP to bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 through Dec. 20, 2018). The Sentencing Commission has not updated its policy statement to reflect that a defendant can make his own motion for a sentencing reduction. Some courts have held that this means there is currently no policy statement with which sentencing reductions under § 3582(c)(1)(A) must be consistent. *See, e.g., United States v. Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020). This Court has previously adopted this approach. *See United States v. Seggebruch*, No. 15-cr-20034, ECF Doc. 113 (C.D. Ill. May 15, 2020); *United States v. Brooks*, No. 07-20047, ECF Doc. 67 (C.D. Ill. May 15, 2020). Thus, a court may find that extraordinary and compelling reasons exist based on facts and circumstances other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A)-(C), and without the BOP's motion or express finding. *See, e.g., Redd*, No. 1:97-CR-00006-AJT, 2020 WL 1248493 at *6.

The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP. However, "[t]he mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *United States v. Melgarejo*, No. 12-cr-20050, ECF Doc. 41 at p. 5 (C.D. Ill. May 12, 2020). Rather, "a prisoner may satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.*, at 5–6.

Defendant additionally asks that the Court recommend that he be released over concern he awaits a transfer to FCI Lompoc. Doc. 209, at 13. While FCI Lompoc is currently second in the nation for total amount of cases, they currently have only 2 active cases.

6

https://www.bop.gov/coronavirus/ (last visited July 13, 2020). Furthermore, the BOP has currently suspended inmate transfers. According to the BOP's Modified Operation Plan, internal inmate movement is suspended, with limited exceptions and Defendant does not appear to meet the exception for transfer. BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 13, 2020). Defendant's argument for release is unconvincing. As stated above, the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release.

After considering all the information before the Court, including the 3553(a) factors, Defendant has not met his burden to establish that extraordinary and compelling reasons justify his release from prison. He has not shown that stomach pains, shortness of breath, or anxiety are underlying health conditions that put him at risk for a severe case of COVID-19. Doc. 211, at 4. It is important to note that Defendant, while shown to exhibit "shortness of breath," does not mention asthma nor any other respiratory disease in his motion. *See generally* Doc. 209. None of Defendant's underlying medical conditions are listed as a risk factor for COVID-19 by the CDC. *See* People of Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited July 13, 2020). Instead, the CDC lists the following as underlying medical conditions that might put people at higher risk for severe illness from COVID-19: moderate-to-severe asthma; "[c]hronic lung diseases, such as chronic obstructive pulmonary disease (COPD) (including emphysema and chronic bronchitis), idiopathic pulmonary fibrosis and cystic fibrosis;" diabetes; "[s]erious heart conditions, including heart failure, coronary artery disease, congenital heart disease,

7

cardiomyopathies, and pulmonary hypertension;" chronic kidney disease being treated with dialysis; severe obesity; and chronic liver disease. *Id.* The Court could find no cases where a defendant with stomach pains, shortness of breath, or anxiety and no comorbidities was granted relief under the compassionate release statute.

The Court denies Defendant's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

For the reasons set forth above, Defendant's Motions (Docs. 201, 209) to Reduce Sentence Pursuant to 18 U.S.C. § 3582 are DENIED.

Signed on this 14th day of July, 2020.

s/ James E. Shadid
James E. Shadid
United States District Judge