UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:12-cr-10069-SLD-JEH ) |
| GREGORY SANFORD, | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Gregory Sanford's motion to dismiss, ECF No. 241, motions to reduce his sentence pursuant to amendment 782 to the United States Sentencing Guidelines, ECF Nos. 242, 245, and motion for compassionate release, ECF No. 243. For the reasons that follow, the motions are DENIED.

BACKGROUND

Defendant and Ricky D. Jackson were charged by indictment with possession with intent to distribute cocaine. Indictment 1, ECF No. 11. Numerous superseding indictments were subsequently filed. The fourth, and final, superseding indictment charged Defendant with conspiracy to possess with intent to distribute cocaine and cocaine base; two counts of possession with intent to distribute cocaine base; being a felon in possession of a firearm; use, carrying, and possession of a firearm in furtherance of a drug trafficking crime; and two counts of possession with intent to distribute cocaine. Fourth Superseding Indictment 1–6, ECF No. 101. United States District Judge James E. Shadid presided over Defendant's case.

In December 2013, Defendant requested and was granted the ability to proceed *pro se*. Dec. 12, 2013 Min. Entry. Prior to Defendant proceeding *pro se*, his counsel had filed a motion to suppress evidence seized from a vehicle in which Defendant was a passenger, Mot. Suppress,

ECF No. 31, which the court denied, *see* Sept. 23, 2013 Min. Entry.  On the first day of a scheduled jury trial, Defendant and the Government reached a plea deal.  *See* Apr. 14, 2014 Hr'g Tr. 5:14–16, ECF No. 147.  Defendant agreed to plead guilty to count five of the fourth superseding indictment—possession with intent to distribute cocaine on February 28, 2012, Fourth Superseding Indictment 5—in exchange for reservation of his right to appeal the denial of his motion to suppress and a fifteen-year sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Apr. 14, 2014 Hr'g Tr. 5:19–6:9.  After Defendant pleaded guilty, Judge Shadid referred the matter to United States Probation for a presentence investigation report.  Apr. 14, 2014 Min. Entry.

The presentence investigation report ("PSR") calculated Defendant's total offense level as 34.  PSR ¶ 46, ECF No. 130.  This was based on drug weight, *id.* ¶ 36, an enhancement for possessing a firearm in relation to the offense, *id.* ¶ 37, an enhancement for maintaining two premises for the purpose of manufacturing and distributing controlled substances, *id.* ¶ 38, an enhancement for being a career offender under § 4B1.1 of the United States Sentencing Guidelines, *id.* ¶ 43, and two reductions for acceptance of responsibility, *id.* ¶¶ 44–45.  Defendant was classified a career offender because of two convictions for unlawful delivery of a controlled substance in Peoria County in case numbers 00-CF-971 and 00-CF-972.  *Id.* ¶ 43; *see id.* ¶¶ 50–51.  The PSR calculated Defendant's criminal history category as VI, *id.* ¶ 57 (noting that Defendant's criminal history category would have been VI even without application of the career offender guidelines), and, accordingly, his custody range as 262 to 327 months, *id.* ¶ 86.  There were no objections to the PSR, so Judge Shadid adopted it.  *See* Sentencing Hr'g Tr. 2:11–18, ECF No. 148.  He accepted the parties' plea agreement and sentenced Defendant to 180 months of imprisonment.  *See id.* at 17:14–17; Judgment 1–2, ECF No. 137.

Defendant appealed the denial of the motion to suppress and the conditions of supervised release that were imposed. *United States v. Sanford*, 806 F.3d 954, 956 (7th Cir. 2015). The Seventh Circuit upheld the denial of the motion to suppress, *id.* at 959, but remanded for the district court to reconsider the conditions of supervised release, *id.* at 960–61. Defendant was resentenced on February 25, 2016 to the same term of imprisonment. *See* Am. Judgment 1–2, ECF No. 165.

Subsequently, Defendant filed a motion to reduce his sentence pursuant to amendment 782 to the Sentencing Guidelines. Mot. Reduce Sentence, ECF No. 174. Amendment 782 reduced the offense levels in the Drug Quantity Table at § 2D1.1(c) of the Guidelines by two. United States Sentencing Guidelines Supp. App. C., § 782. The court appointed Assistant Federal Defender George Taseff to represent Defendant with respect to the motion, June 13, 2018 Text Order, but Taseff moved to withdraw, arguing that Defendant's motion was meritless as he was ineligible for a reduction because his Sentencing Guidelines range was determined by the career offender guidelines rather than the Drug Quantity Table, *see* Mot. Withdraw 1, 4, ECF No. 176. After giving Defendant an opportunity to explain why amendment 782 applied to his case, June 28, 2018 Order 2, ECF No. 177, the court denied Defendant's motion, First Jan. 17, 2019 Text Order.

In the meantime, Defendant filed a motion to correct his PSR, arguing that the two prior convictions on which the PSR and court relied to find Defendant a career offender did not count as two convictions for purposes of the career offender guidelines. Mot. Correct 1–2, ECF No. 185. The court denied the motion, stating that "[u]pon investigation, probation has informed the court that they have informed . . . [D]efendant to seek his remedy first through the [Bureau of Prisons ("BOP")]" and finding that "to the extent the Motion objects to the PSR, it is denied as

3

that issue is no longer before the court." Second Jan. 17, 2019 Text Order. Defendant continued to file motions regarding this issue, *see, e.g.*, Mot. Plain Error Review, ECF No. 193; Mot. Alter Amend Judgment, ECF No. 194, but the court denied them, *see, e.g.*, Apr. 9, 2019 Text Order; Apr. 24, 2019 Text Order.

Defendant then filed a motion for appointment of counsel regarding the criminal history points in his PSR. Mot. Appointment Counsel, ECF No. 197. After asking United States Probation to "look into the matter," the court noted that it appeared that Defendant's "criminal history points would total 13 instead of 16." Mar. 2, 2020 Entry. Because Defendant's criminal history points could "have an effect on his security level," but the court had been advised that BOP "could not make a change absent permission to do so[,] . . . . [t]he court approved [United States Probation] to send [Defendant's] case manager" an email indicating that his criminal history points could be changed. *Id.*

Defendant then filed another motion to reduce his sentence pursuant to amendment 782. Second Mot. Reduce Sentence, ECF No. 198. The court denied the motion, explaining that Defendant was still a career offender and, thus, ineligible for a reduction, and that even if he were eligible, it would deny the motion because Defendant was sentenced to far less than his Guidelines custody range pursuant to his plea agreement. Mar. 24, 2020 Text Order ("The Court would not reduce his sentence as he receives the benefit of his bargain.").

Defendant then filed a motion for compassionate release, ECF No. 201, and the court appointed the Federal Public Defender ("FPD") to represent Defendant with respect to the motion, First May 4, 2020 Text Order. In his *pro se* motion, Defendant had raised two issues: the PSR errors and the COVID-19 pandemic. Mot. Compassionate Release 1. The court directed the FPD to file an amended motion addressing only the COVID-19 pandemic,

explaining that the PSR "matter ha[d] been addressed." Second May 4, 2020 Text Order. The FPD did so, Am. Mot. Compassionate Release, ECF No. 209, but the court denied Defendant's request for compassionate release, July 14, 2020 Order, ECF No. 221. Defendant appealed. Not. Appeal, ECF No. 222. While his appeal was pending, Defendant filed suit against Judge Shadid, who then recused himself from this case. *See* Aug. 16, 2020 Text Order. It was reassigned to this Court. *Id.* On January 25, 2021, the Seventh Circuit affirmed the denial of Defendant's compassionate release motion on the basis that he failed to comply with the compassionate release statute's exhaustion requirement. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)).

Defendant filed a motion to reconsider before this Court, Mot. Reconsider, ECF No. 232, but it was unclear what he was asking the Court to reconsider. The Court appointed the FPD to represent Defendant with respect to the motion, Feb. 8, 2021 Text Order, and the FPD filed a motion to reconsider Judge Shadid's order denying Defendant's motion for compassionate release, Am. Mot. Reconsider, ECF No. 235. In this motion, Defendant, via counsel, argued that his Sentencing Guidelines range was incorrect at sentencing because he should not have been considered a career offender and the error constituted an extraordinary and compelling reason for release. Am. Mot. Reconsider 2–4. The Court denied the motion because Defendant failed to establish that he had complied with the exhaustion requirement. Aug. 12, 2021 Text Order.

Defendant then filed motions that are now before the Court: another motion for reduction of his sentence pursuant to amendment 782, *see* Third Mot. Reduce Sentence 1; another motion for compassionate release, arguing that the error in considering him a career offender constitutes an extraordinary and compelling reason for release, Second Pro Se Mot. Compassionate Release 1; Req. Warden, Second Pro Se Mot. Compassionate Release Ex. A, ECF No. 243 at 2; and a

5

motion to dismiss the fourth superseding indictment, *see* Mot. Dismiss 1.  The Court appointed the FPD to represent Defendant with respect to these motions.  Sept. 20, 2021 Text Order.  The FPD filed a status report regarding the motions on September 21, 2021.  Status Report, ECF No. 244.  Subsequently, Defendant filed another motion for reduction of his sentence pursuant to amendment 782.  Fourth Mot. Reduce Sentence 1.

## DISCUSSION

### I.    Motion to Dismiss

In the motion to dismiss, Defendant argues his indictment was ineffective and should be dismissed.  Mot. Dismiss 1.  The FPD explains that Defendant's argument is meritless, *see* Status Report 2–3, and in any case, any challenge to the indictment would have needed to be filed in a pretrial motion, *id.* at 3 (citing Fed. R. Crim. P. 12(b)(3)(B)).  The Court agrees that Defendant's motion is meritless[1] and, regardless, filed out of time.  *See* Fed. R. Crim. P. 12(b)(3)(B)(ii) (providing that an argument that the indictment is defective must be made before trial "if the basis for the motion is then reasonably available"); *United States v. Griffin*, 765 F.2d 677, 682 (7th Cir. 1985) (holding that an objection that an indictment improperly charges one offense in

---

[1] Defendant's argument is not particularly clear.  The FPD reads Defendant's argument to be that he was sentenced on count 5 of both the third and fourth superseding indictments and thus that he was convicted of and sentenced for the same offense twice.  Status Report 2.  The record shows that Defendant pleaded guilty to and was sentenced for only count 5 of the fourth superseding indictment, *see* Am. Judgment 1, so any such argument would be meritless.  The Court, however, reads Defendant's argument to be that he was charged with the same crime two times in the same indictment, and one was dismissed while he was convicted on the other.  *See* Mot. Dismiss 1 ("[T]he government super[s]eded me twice for the same charged indictment and dis[]missed the charge and convicted me at the same time how is this [s]uppose[d] to [a]ffect the public trust?"); *id.* (arguing that "both counts are the same," referring to counts 5 and 6 of the fourth superseding indictment); *id.* (suggesting he was charged with one offense with "[t]wo sep[a]rate dates").  But this is based on a misunderstanding of the charges against Defendant.  Count 5 of the fourth superseding indictment charged Defendant with possession with intent to distribute cocaine on February 28, 2012.  Fourth Superseding Indictment 5.  Count 6 of the fourth superseding indictment charged him with possession with intent to distribute cocaine base on May 3, 2012.  *Id.*  These are two separate crimes, and it was proper to charge them separately and for one to be dismissed, *see* Aug. 21, 2014 Min. Entry; Am. Judgment 1, while Defendant pleaded guilty to the other.

multiple counts must be made before trial); *United States v. Lockett*, 859 F.3d 425, 427–28 (7th Cir. 2017) (reiterating *Griffin*'s holding). Thus, the motion to dismiss is DENIED.

## II. Motions for Sentence Reduction

Under United States Sentencing Guidelines § 1B1.10(a)(1), a court may reduce a defendant's term of imprisonment when the "guideline range applicable to that defendant has subsequently been lowered as a result of" specified amendments to the Guidelines, including amendment 782, *see id.* § 1B1.10(d). Defendant has moved previously for relief under amendment 782 numerous times and those motions have been denied primarily because his Guidelines range was determined by the career offender guidelines rather than the drug quantity guidelines. This has not changed. Moreover, a defendant can only make one motion for a sentence reduction pursuant to a retroactive amendment to the Sentencing Guidelines. *United States v. Guerrero*, 946 F.3d 983, 989–90 (7th Cir. 2020) (noting that a defendant has only "one bite at the apple per retroactive amendment to the sentencing guidelines" (quotation marks omitted)). Thus, Defendant's motions are DENIED.

## III. Motion for Compassionate Release

### A. Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i).[2]  "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

### B. Analysis

In his *pro se* motion for compassionate release, Defendant argues that his erroneous designation as a career offender constitutes an extraordinary and compelling reason for release. This is the same argument that was previously made in the Amended Motion to Reconsider filed by the FPD which the Court denied on the basis that Defendant had not demonstrated compliance with the compassionate release statute's exhaustion requirement. The FPD requests that the Court consider that argument on the merits now. *See* Status Report 6.

Essentially, Defendant argues that he was improperly designated a career offender; that without the career offender guideline enhancement and with application of amendment 782, his Sentencing Guidelines custody range would have been 188 to 235 months; and that the Court can consider his "incorrect sentencing guidelines range as a basis to find that extraordinary and compelling circumstances exist to grant compassionate release." Am. Mot. Reconsider 3–4.

The Court agrees that Defendant should not have been deemed a career offender. But even if it is proper for the Court to consider a sentencing error an extraordinary and compelling reason for release, the Court does not find an extraordinary and compelling reason for release exists in this case.

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the

---

[2] The statute also states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But the Seventh Circuit has held that there is currently no applicable policy statement with which a sentence reduction requested by a defendant under § 3582(c)(1)(A) must be consistent. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).

> instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Guidelines § 4B1.1(a).

> The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . . , and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c).

*Id.* § 4B1.2(c). For purposes of calculating a defendant's criminal history points under § 4A1.1, a court must determine if a defendant's multiple sentences should be treated separately or as a single sentence. *Id.* § 4A1.2(a)(2). "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." *Id.* "If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." *Id.*

Defendant's two felony convictions were both for delivering less than one gram of cocaine to another person on July 5, 2000. PSR ¶¶ 50–51. He was not arrested for the first offense until September 24, 2000, *id.* ¶ 50, so there was no intervening arrest between these two convictions. Because he was sentenced on the same day for the two convictions, *id.* ¶¶ 50–51, his sentences should not have been considered separate sentences, *see* United States Sentencing Guidelines § 4A1.2(a)(2)(B). And because they should not have been considered separate

9

sentences, Defendant did not have two prior felony convictions for purposes of the career offender guidelines.  *See id.* § 4B1.2(c).[3]

Without the career offender enhancement, Defendant's Guidelines custody range would have been 235 to 293 months (based on a total offense level of 33 and a criminal history category of VI).  He then could have relied on amendment 782, which would have brought his Guidelines custody range down to 188 to 235 months (based on a total offense level of 31 and a criminal history category of VI).  But he was sentenced to 180 months of imprisonment, far below what his Guidelines range originally should have been and below what it would have been with application of amendment 782.[4]  Further, though it appears the parties' agreement was not reduced to writing, a review of the relevant transcripts reveals that Defendant pleaded guilty to one count of the fourth superseding indictment in exchange for dismissal of the remaining counts; one of the remaining counts charged Defendant with conspiracy to violate 21 U.S.C. § 841(b)(1)(A), *see* Fourth Superseding Indictment 1–2, for which Defendant was facing mandatory life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A) (effective Aug. 3, 2010 to Dec. 20, 2018); Am. Not. Prior Convictions, ECF No. 111.  He received the benefit of his bargain, so the Court declines to find that extraordinary and compelling reasons for immediate release or a sentence reduction exist under these circumstances.

---

[3] Defendant also has two prior aggravated battery convictions, PSR ¶¶ 52, 53, but Defendant, via counsel, represents that "[t]hese convictions are not career offender predicates as they were charged as 'insulting or provoking contact' as opposed to 'bodily harm," Am. Mot. Reconsider 3 n.1 (quoting *United States v. Lynn*, 851 F.3d 786, 798 (7th Cir. 2017)).  The Government did not argue otherwise in its response to the Amended Motion to Reconsider.  *See* Resp. Am. Mot. Reconsider 13, ECF No. 239.

[4] Defendant suggests that he may have also challenged the two enhancements he was given for possession of a weapon and maintaining drug premises and that "[i]f successfully challenged, his guidelines range would be further reduced to 130 to 162 months."  Am. Mot. Reconsider 4.  But he goes no further to argue that these were in fact erroneously applied and the Court will not make the arguments for him.

## CONCLUSION

Accordingly, Defendant Gregory Sanford's motion to dismiss, ECF No. 241, motions to reduce his sentence pursuant to amendment 782 to the United States Sentencing Guidelines, ECF Nos. 242, 245, and motion for compassionate release, ECF No. 243, are DENIED.

Entered this 2nd day of December, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
